**K FURNITURE COMPANY, Appellant,**

v.

**SANDERS TRANSFER & STORAGE COMPANY, INCORPORATED,**
**Appellee.**

Supreme Court of Tennessee.

Aug. 18, 1975.

Rehearing Denied Sept. 22, 1975.

Jacobs H. Doyle, Nashville, for appellant.

F. Clay Bailey, Jr., Nashville, for appellee.

OPINION

COOPER, Justice.

K Furniture Company has appealed from a judgment entered in the Circuit Court of

Davidson County dismissing an action to recover personal property held by defendant Sanders Transfer and Storage Company. Appellant insists the trial court was in error in holding that the warehouseman's lien of appellee was superior to the security interest in the furniture held by appellant.

For the purpose of this action, the parties stipulated that:

"This is an action to recover personal property pursuant to Chapter 365 Public Acts of 1973, being Section 23–2301 through Section 23–2351, Tennessee Code Annotated.

"On June 7, 1973, Jack Price purchased from (K Furniture Company) household furniture for personal and family use at his residence and executed a purchase money security agreement to secure the payment of the purchase price thereof. That on October 8, 1973, the furniture was placed in storage by Mrs. Jack Price at Sanders Transfer & Storage Co., Inc., under a standard warehouse receipt. Jack Price defaulted in the purchase money security agreement and the plaintiff, K Furniture Company, seeks to recover the furniture stored at defendant's warehouse without paying storage charges to the defendant.

"The purchase money security agreement of the plaintiff was properly perfected on June 7, 1973, date of purchase of said property by Jack Price for his home and family use and the defendant's warehouseman's lien was properly perfected on October 9, 1973, being the date said property was delivered to defendant's warehouse."

On considering the stipulation, the trial judge concluded that, "After reading T.C.A. 47–7–209, which is the warehouseman's lien, the Court finds that the statute does not expressly provide that said lien will be subservient to a security interest held by a third party and, therefore, under T.C.A. 47–9–310, the defendant's lien is superior to the security interest held by the plaintiff."

The Uniform Commercial Code sets forth with particularity priorities among conflicting security interests in the same collateral. See T.C.A. 47–9–312 and the several code sections referred to therein. T.C.A. 47–9–310 covers "priorities between perfected security interests and liens by operation of law," such as a warehouseman's lien, and grants the warehouseman's lien priority unless the statute creating the lien "expressly provides otherwise."

T.C.A. 47–7–209 governs the existence, extent, effectiveness, and loss of warehouseman's lien. Subsections (1) and (2) apply to liens against the bailor, in this case Mrs. Jack Price. Subsection (3) sets out the circumstances under which a warehouseman's lien is effective and also circumstances when the warehouseman's lien is not effective against a person other than the bailor, in this case the holder of the security interest, K Furniture Company. That part of T.C.A. 47–7–209 material to a decision in this case is as follows:

"Lien of warehouseman.—(1) A warehouseman has a lien against the bailor on the goods covered by a warehouse receipt or on the proceeds thereof in his possession for charges for storage or transportation (including demurrage and terminal charges), insurance, labor, or charges present or future in relation to the goods, and for expenses necessary for preservation of the goods or reasonably incurred in their sale pursuant to law. . . .

\* \* \* \* \* \*

"(3) A warehouseman's lien for charges and expenses under subsection (1) . . is also effective against any person who so entrusted the bailor with possession of the goods that a pledge of them by him to a good faith purchaser for value would have been valid but is not effective against a person as to whom the document confers no right in the goods covered by it under § 47–7–503."

And Section 47–7–503 provides:

"(1) *A document of title confers no right in goods against a person who before*

*issuance of the document had a legal interest or a perfected security interest in them and who neither*

(a) *delivered or entrusted them* or any document of title covering them to *the bailor or his nominee with actual or apparent authority* to ship, *store* or sell or with power to obtain delivery under this chapter (§ 47–7–403) or with power of disposition under chapters 1 through 9 of this title (§§ 47–2–403 and 47–9–307) or other statute or rule of law; *nor*

(b) *acquiesced in the procurement by the bailor or his nominee of any document of title.*" (Emphasis supplied.)

There is nothing in the stipulation of the parties in this case to indicate that K Furniture Company, who holds a perfected security interest in the stored furniture, delivered or entrusted the furniture to Mrs. Price with actual or apparent authority to store the furniture, nor is there any evidence in the record which would indicate that K Furniture Company acquiesced in the procurement by Mrs. Price of any document of title. Absent this evidence, under the statutes set out above, the security interest of K Furniture Company takes priority over the warehouseman's lien of Sanders Transfer & Storage Co., Inc., for storage charges. See *Nikolas v. Patrick*, 51 Mich. App. 561, 215 N.W.2d 715.

The judgment of the trial court dismissing this action is reversed. The case is remanded to the Circuit Court of Davidson County generally and specifically for entry of a judgment in favor of K Furniture Company for possession of the furniture. Costs of the cause are adjudged against Sanders Transfer & Storage Co., Inc.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., *concur*.

### OPINION ON PETITION FOR REHEARING

COOPER, Justice.

Appellee, Sanders Transfer and Storage Company, has filed a petition for rehearing, insisting there was no case or controversy pending in this court at the time the opinion of the court was filed. This insistence is not borne out by the record filed in this court. The petition for rehearing, therefore, is overruled at the cost of the appellee.